J-A12042-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY LAWRENCE SEVERINO | : | |
| | : | |
| Appellant | : | No. 1513 WDA 2019 |

Appeal from the PCRA Order Entered September 4, 2019,
in the Court of Common Pleas of Crawford County,
Criminal Division at No(s): CP-20-CR-0000705-2017.

BEFORE: KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                    FILED JUNE 26, 2020

Anthony Lawrence Severino appeals from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§9541-46. Additionally, Severino's court-appointed PCRA counsel has filed a motion for leave to withdraw from representation, as well as a "no-merit" letter pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc). We grant counsel's motion to withdraw and affirm the PCRA court's order denying post-conviction relief.

The relevant factual and protracted procedural history underlying this appeal can be summarized as follows. On January 4, 2018, Severino entered a guilty plea to driving under the influence ("DUI") and related summary

_____

[*] Retired Senior Judge assigned to the Superior Court.

offenses.[1]  On April 3, 2018, the trial court sentenced him to an aggregate term of fifteen months to sixty months of incarceration.

On April 11, 2018, plea counsel filed a motion to modify and reconsider sentence, which the trial court denied the next day.  On April 23, 2018, Severino filed a pro se motion to withdraw his guilty plea, in which he raised a claim of plea counsel's ineffectiveness.  There is no indication in the certified record that this pro se filing was forwarded to plea counsel.  In a letter filed May 3, 2018, Severino informed the court that plea counsel had failed to contact him and file his requested motions and a direct appeal.  By order entered May 14, 2018, the trial court directed this pro se filing to be forwarded to Severino's counsel of record. That same day, plea counsel filed a motion to withdraw as counsel, which the trial court granted.

In a letter filed on May 25, 2018, Severino informed the trial court that his pro se motion to withdraw his guilty plea was still pending, and that plea counsel had filed a petition to withdraw.  In a memorandum order filed on May 31, 2018, the trial court noted the procedural irregularities, including the fact that the pro se motion was never forwarded to plea counsel pursuant to Pa.R.Crim.P. 576(A)(4), and that plea counsel was already permitted to withdraw.  Thus, the trial court appointed new counsel to represent Severino

_____

[1] That same day, at a different docket, Severino pled guilty to criminal mischief and harassment, and was sentenced to fines, costs, and restitution.  This docket is not at issue in this appeal.

in his request to withdraw his guilty plea. New counsel filed a memorandum in support of Severino's pro se motion, and the trial court held an evidentiary hearing on September 7, 2018.[2] By order entered September 19, 2018, the trial court denied Severino's motion. Severino did not file a direct appeal.

On October 4, 2018, Severino filed a pro se PCRA petition, in which he claimed that plea counsel's ineffectiveness caused him to enter an invalid plea, and that plea counsel failed to file a requested appeal. The PCRA court appointed counsel. On October 9, 2018, counsel filed a motion to withdraw in which he stated that his contract with the county to represent indigent defendants as conflict counsel did not include PCRA proceedings. By order October 10, 2018, the PCRA court granted counsel's motion, and stated that new counsel would be appointed. New PCRA counsel was appointed that same day.

Originally, the PCRA court scheduled an evidentiary hearing for January 28, 2019. Thereafter, Severino filed several pro se letters in which he stated he had no contact with PCRA counsel. On February 13, 2019, the PCRA court heard oral argument from counsel for the parties regarding how to proceed on Severino's PCRA petition. Thereafter, Severino's evidentiary hearing was scheduled for May 31, 2019, but it was continued to August 1, 2019, due to the unavailability of the PCRA court. On that date, Severino's PCRA counsel did not appear. Thus, in an order entered that same date, the court directed

---

[2] A transcript of this hearing does not appear in the certified record.

PCRA counsel to withdraw his appearance, and the PCRA court appointed current counsel. The PCRA court held an evidentiary hearing on August 14, 2019. Both Severino and plea counsel testified. By order entered September 4, 2019, the PCRA court denied Severino's PCRA petition. This timely appeal followed.

By order entered October 1, 2019, the PCRA court directed Severino to file, pursuant to Pa.R.A.P. 1925(b), a concise statement of errors complained of on appeal. Severino's counsel filed a timely statement of intention to file an Anders/McClendon Brief.[3] In its Rule 1925(a) opinion, the PCRA court referred this Court to its prior September 4, 2019 memorandum in which it explained its reasons for denying post-conviction relief.

This Court then issued a briefing schedule. On January 14, 2020, counsel filed an application to withdraw pursuant to Turner/Finley, supra, as well as a brief in support of his determination that Severino had no non-frivolous issues to raise. By order entered January 17, 2020, we struck counsel's motion to withdraw as facially deficient, and directed counsel to file a revised application to withdraw. Counsel timely complied. Thereafter, Severino filed a pro se response to counsel's motion to withdraw.[4]

_____

[3] Although counsel mischaracterized his intention as one to withdraw by citing case law involving a direct appeal withdrawal, counsel later properly complied with dictates of Turner/Finley, supra.

[4] In several pro se filings, Severino has asked this Court for clarification and the appointment of counsel to assist him in filing a response. By order entered

In the Turner/Finley brief, PCRA counsel discusses Severino's wish to challenge the denial of post-conviction relief because "he received ineffective assistance of counsel when plea counsel provided [him] with erroneous information regarding the standard [sentencing] range for the [DUI] offense that [he] pled guilty to."  Turner/Finley Brief at 10.[5]

Prior to considering this claim, we must address PCRA counsel's petition to withdraw.  Pursuant to Turner/Finley, supra, independent review of the record is required before withdrawal on collateral appeal is permitted.  See Commonwealth v. Pitts, 981 A.2d 875, 876 n.1 (Pa. 2009).  In Pitts, our Supreme Court explained that such independent review requires proof of:

1. A "no-merit" letter by PC[R]A counsel detailing the nature and extent of his review;

2. The "no-merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;

_____

March 11, 2020, we denied Severino's request for the appointment of new counsel.

[5] At the PCRA hearing, the parties stipulated that plea counsel failed to file a requested direct appeal after the trial court denied his post-sentence motion to withdraw his guilty plea.  See N.T., 8/14/19, at 3-7.  The parties agreed that, because the underlying claim Severino wished to raise on direct appeal regarding his plea lacked merit, plea counsel could not be found ineffective for failing to file the appeal.  See id. at 33-34.  See also PCRA Court Opinion, 9/5/19, at unnumbered 2 (citing Commonwealth v. Dozier, 208 A.3d 1101, 1105 (Pa. Super. 2019).  Compare Commonwealth v. Lantzy, 736 A.2d 564, 572 (Pa. 1999) (explaining that counsel's unexplained failure to file a requested direct appeal constitutes ineffective assistance per se, such that the petitioner is entitled to the reinstatement of direct appeal rights nunc pro tunc without establishing prejudice).

- 5 -

3. The PC[R]A counsel's "explanation," in the "no-merit" letter, of why the petitioner's issues were meritless;

4. The PC[R]A court conducting its own independent review of the record; and

5. The PC[R]A court agreeing with counsel that the petition was meritless.

Id. (citation and brackets omitted). Further, PCRA counsel seeking to withdraw from representation in this Court must contemporaneously forward to the petitioner a copy of the petition to withdraw that includes (1) a copy of both the "no-merit" letter, and (2) a statement advising the PCRA petitioner that, upon the filing of counsel's petition to withdraw, the petitioner has the immediate right to proceed pro se, or with the assistance of privately retained counsel. Commonwealth v. Muzzy, 141 A.3d 509, 511-12 (Pa. Super. 2016).

Upon review, we conclude that PCRA counsel has substantially complied with the Turner/Finley requirements as set forth above. See Commonwealth v. Karanicolas, 836 A.2d 940, 947 (Pa. Super. 2003) (holding that substantial compliance with requirements to withdraw as counsel will satisfy the Turner/Finley criteria). We now independently review Severino's claim to ascertain whether it entitles him to relief.

Our scope and standard of review is well settled:

In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's

- 6 -

> factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions de novo.

Commonwealth v. Reyes-Rodriguez, 111 A.3d 775, 779 (Pa. Super. 2015) (citations omitted).

Severino's claim alleges the ineffective assistance of plea counsel. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. Commonwealth v. Johnson, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." Id. This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. Id. at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. Commonwealth v. Martin, 5 A.3d 177, 183 (Pa. 2010).

This Court has summarized the following regarding claims that the entry of a guilty plea was the result of ineffective assistance of counsel:

> A criminal defendant has the right to effective counsel during a plea process as well as during trial. A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance caused the defendant to enter an involuntary plea[.] We conduct our review of such a claim in accordance with the three-pronged ineffectiveness test under section 9543(a)(2)(ii) of the PCRA. The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

Commonwealth v. Orlando, 156 A.3d 1274, 1280 (Pa. Super. 2017) (citations omitted).

In this case, the PCRA court concluded Severino's claims that plea counsel was ineffective for misinforming him about the sentencing range for his DUI conviction lacked arguable merit:

> [W]e find [Severino's] underlying claim does not have arguable merit. Essentially, his underlying claim of ineffectiveness is that he received erroneous information from [plea] counsel that he was only facing a maximum of six months of jail time when he entered his plea when actually he was facing a much higher penalty.
>
> The problem with [Severino's] argument is that while he may have received that information prior to entering his plea, not only was the information provided by the Court at the time of the plea colloquy contradictory to that information but also before [Severino] was sentenced and could have asked to withdraw his plea based on the misinformation he had earlier received, [plea counsel] provided the correct guideline information. At that point [Severino], instead of seeking a continuance of sentencing to consider the situation or indicating he wished to withdraw his guilty plea, chose to go forward with sentencing well aware of the standard guideline he was facing. That standard guideline range was reiterated by the Court at the time that sentencing began.

PCRA Court Opinion, 9/5/19, at unnumbered 2.

Our review of the record supports the PCRA court's conclusions. At the time of entering his plea, the trial court advised Severino that, if he plead guilty to DUI, he was facing a maximum sentence of five years of imprisonment, and Severino acknowledged this fact. N.T., 1/4/18, at 23.[6] In addition, Severino, in response to the trial courts inquiry of whether anybody including plea counsel promised him anything, Severino responded "No." Id. at 27. Importantly, Severino is bound by the statements he made during the guilty plea colloquy and cannot later assert grounds for withdrawing the plea that contradict statements he made when pleading guilty. See Commonwealth v. Pollard, 832 A.2d 517, 523-24 (Pa. Super. 2003). Nor may Severino challenge his guilty plea by asserting that he lied while under oath. Id.

Moreover, at the PCRA hearing, Severino and plea counsel presented conflicting testimony regarding when counsel informed Severino of the applicable sentencing guidelines and whether Severino ever asked plea counsel to file a motion to withdraw his guilty plea. Although, the PCRA court did not expressly find counsel more credible, the court's conclusion that plea counsel informed Severino of the correct guidelines and that Severino opted not to request a continuance or file a motion to withdraw his guilty plea aligns

_____

[6] Severino's original information listed the DUI charge to which he pled guilty as an ungraded misdemeanor with a maximum sentence of six months of incarceration. During discussion regarding his plea, the information was corrected to indicate the correct charge and penalty. See N.T., 1/4/18, at 23; Trial Court Opinion, 9/19/18, at 6.

with plea counsel's testimony. See N.T., 8/14/19, at 20. Thus, the PCRA court essentially credited the testimony of counsel over the testimony and other allegations made by Severino at the hearing. We cannot disturb this determination. See Commonwealth v. Battle, 883 A.2d 641, 648 (Pa. Super. 2005) (explaining that credibility determinations are solely within the province of the PCRA court).

In sum, because the record supports PCRA counsel's determination that Severino's claim regarding his plea lacks merit, we grant PCRA counsel's motion to withdraw.

Motion to withdraw granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/26/2020